**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| **JOHN MICHAEL WOLFE** ) | |
|          ) | |
|     **Plaintiff,** ) | |
|          ) | |
| v.      ) | Civil Action No.: 1:20-cv-175-CMH/TCB |
|          ) | |
| **WILLIAM B. ZUCKERMAN**, *et al*.   ) | |
|          ) | |
|     **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Marline S. Khalil, by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss the Complaint filed by John Michael Wolfe ("Wolfe") for his failure to state a claim upon which relief can be granted, and states as follows:

**I.     Introduction**

This case arises out of divorce proceedings filed in the Circuit Court of Fairfax County, Virginia entitled Wolfe v. Shulan Jiang (f/k/a Shulan Wolfe); CL2012-12128; CL2012-13758, wherein defendant Marline S. Khalil was counsel to Wolfe's ex-wife, Shulan Jiang ("Jiang").[1] At times relevant, Wolfe was represented by his own counsel – attorney Patrick R. Woolley[2] and/or attorney David Duff, a defendant in this action. Wolfe alleges that his constitutional rights were denied in violation of 42 U.S.C. §1983. The case against Khalil centers around a hearing in

---

[1] This Court may take judicial notice of the pleadings and orders in the underlying cases attached as exhibits hereto, as they are a matter of public record. Va. Sup. Ct. R. 2:201; *See also* O'Neal v. Donahoe, 802 F. Supp. 2d 709, 2011 WL 3468374 (E.D. Va. 2011); In re PEC Sols., Inc. Sec. Litig., 125 Fed. Appx. 490, 497, 2005 WL 646070, at *6 (4th Cir. 2005), published with modifications at 418 F.3d 379, 2005 WL 1845501 (4th Cir. 2005).

[2] Woolley is a defendant in a related action filed by Wolfe in this Court, Wolfe v. Woolley, et al.; Civil Action No. 1:20 cv 116 – LO/MSN.

the divorce action where Wolfe was held in contempt and jailed (Compl. Dkt. 1 at pp. 9-10). Wolfe alleges that "Khalil's false statements were made to obtain the court order that she used to obtain a Rule to Show cause to falsely arrest and falsely imprison the Plaintiff." Id. at 10.

## II.     Background

Wolfe's divorce from Jiang began in 2012 was final in 2013.[3] In 2016, both Jiang and Wolfe filed petitions to modify custody, visitation and child support, which resulted in an Order entered in the Fairfax Circuit Court case on January 27, 2017 granting physical custody of the children to Wolfe, but requiring him to undergo a mental health evaluation with Dr. Edward Farber. The Order stated as follows:

> 11. Mental Health Evaluation of Father. The Court's [sic] finds that the Father has found fault with virtually everyone involved in the process and has been an obstructionist to some extent to those providers assisting the children in the children's best interest therefore the Father is ordered to undergo a mental health evaluation for child custody purposes. The mental health evaluator selected by the Court to conduct the evaluation is Dr. Edward Farber. Father is to undergo that evaluation and provide a copy of the report to Court and to Counsel for Mother within 90 days of entry of this order.

(Ex. B at p. 4 ¶ 11). Wolfe was also ordered to pay attorney's fees to Jiang of $7,800.00 (Id. at p. 10). Wolfe apparently had a conflict with Dr. Farber, so on February 24, 2017 the Fairfax Circuit Court appointed Dr. Elizabeth Bennett to conduct the mental health evaluation and report as previously ordered, and again awarded additional attorney's fees to Jiang (Ex. C). On March 23, 2017, Wolfe appealed from this Order to the Court of Appeals of Virginia, and the appeal was dismissed and remanded only for determination of the amount of attorney's fees (Wolfe v. Jiang, CAV # 0469-17-4).

---

[3] See Wolfe's Complaint against Khalil filed in the Circuit Court for Arlington County, Case No. CL20-634, attached hereto as Exhibit A, at ¶3.

Wolfe never complied with the Fairfax Circuit Court's orders, so Jiang filed a Motion for Rule to Show Cause as to why Wolfe should not be held in contempt for failing to pay her attorney's fees or have a mental health evaluation.  <u>The hearing on this motion, which forms the basis of Wolfe's claims against Khalil in this action and others, was held on February 2, 2018</u>. Khalil and Woolley attended the hearing as counsel to their respective clients. The hearing resulted in Wolfe being found in contempt of court. He was remanded to the custody of the Sheriff (Ex. A, ¶ 8). Wolfe was released from confinement after three days, once he paid some of the attorney's fee award to Jiang and after he confirmed that he had an appointment with Dr. Bennett, the court-ordered mental health professional (Ex. A, ¶ 9).[4]

In this action, Khalil is named alongside the medical professionals the court ordered to conduct Wolfe's mental evaluation, as well as his former attorney. Khalil is alleged to have "worked with others to have false documents inserted into the record in [sic] improperly influence Judge Jan Brodie and others" and "worked with others to have Plaintiff falsely arrested and imprisoned" (Compl., Dkt. 1 at 10). The "others" are not specified in this case. In the related case filed against Khalil, Wolfe alleges the "others" are his own attorney, Woolley, and Fairfax County employees Brittany A. Vera and Lori Wymore-Kirkland.[5]

The Complaint is based on 42 U.S.C. §1983 for alleged violations of the Fourth and Fourteenth Amendments (Compl., Dkt. 1 at p. 3). Wolfe seeks damages of $100,000,000 and punitive damages of $50,000,000. Wolfe also seeks a temporary restraining order and an

---

[4] As it turned out, Dr. Bennett refused to treat Wolfe due to a conflict that arose when Wolfe filed a lawsuit against Dr. Zuckerman, her former supervisor (see <u>John Michael Wolfe v. William B Zuckerman</u>; Fairfax Circuit Court; CL-2018-0002009). The next court-ordered therapist to be appointed, Dr. Robin Knoblach also withdrew, as she was also sued by Wolfe (<u>Wolfe v. Knoblach</u>; Arlington Circuit Court; CL19003957-00) in a suit that Fairfax Circuit Court called "meritless" (Ex. D at pp. 4-5).
[5] <u>Wolfe v. Woolley</u>, Civil Action No. 2:10 cv 116-LO/MSN, Dkt. 1 at p. 8.

injunction preventing further damage to him and halt Fairfax County or "any virginia [sic] agency" from taking any action against him. Id. at p. 5.

For the following reasons, the Complaint is subject to dismissal as to Khalil.

### III.  Argument

#### A.  Wolfe's Complaint is Not Plausible.

Under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); see also Williams v. Wilkie, 320 F. Supp. 3d 191, 196 (D.D.C. 2018), appeal dismissed, No. 18-5272, 2019 WL 1150043 (D.C. Cir. Jan. 9, 2019). A complaint is insufficient if it merely offers " 'labels and conclusions' " or " 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 546, 127 S. Ct. 1955). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," id., and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." Twombly, 550 U.S. at 545–46, 127 S. Ct. 1955; see also In re Zetia (Ezetimibe) Antitrust Litig., 400 F. Supp. 3d 418, 431 (E.D. Va. 2019).

The Complaint, which lacks sufficient factual allegations, is untimely, and is simply not plausible, should be dismissed.

### B.    Statute of Limitations

The basis of Wolfe's claim against Khalil is that she allegedly made false statements - while in court on behalf of her client Jiang - first in support of the mental evaluation, and second to have Wolfe falsely arrested (Compl., Dkt. 1 at pp. 9-10). As noted above, the orders complained of were entered January 27 and February 24 of 2017. The hearing that resulted in Wolfe being held in contempt and jailed was February 2, 2018. The Complaint herein, filed more than two years from when the action accrued, is barred by the applicable statute of limitations. Va. Code Ann. ¶ 8.01-243; Jordan v. Shands, 255 Va. 492, 500 S.E.2d 215 (1998)(applying a two-year statute of limitations to arrestee's false imprisonment action). Virginia's statute of limitations applies in this § 1983 action. Wallace v. Kato, 549 U.S. 384 (2007).

The Complaint is untimely and should be dismissed.

### C.    Wolfe Cannot Maintain Multiple Lawsuits.

Wolfe has filed numerous lawsuits and appeals over the orders in his divorce case and the February 2, 2018 hearing where he was held in contempt and jailed.[6] Three of these cases name Khalil as a defendant, and have the same factual predicate: the instant case filed on February 19, 2020; Wolfe v. Khalil, Circuit Court for Arlington County, Case No. CL20-634, filed on February 3, 2020; and Wolfe v. Woolley, et al, U.S. District Court for the Eastern District of Virginia, Civil Action No. 1:20 cv 116-LO/MSN also filed on February 3, 2020.

Wolfe should not be permitted to maintain multiple actions arising out of the same set of circumstances simultaneously in federal and state courts. As noted in Funny Guy, LLC v. Lecego, LLC, 293 Va. 135, 142, 795 S.E.2d 887, 890 (2017), "[c]ourts have imposed a rule prohibiting

---

[6] Wolfe v. Herring, US District Court for the Eastern District of Virginia, Civil Action No. 1:20 cv 00189-LO; Wolfe v. Zuckerman, Fairfax Circuit Court, Case No. CL2018-2009; Wolfe v. Shane, Fairfax Circuit Court, Case No. CL2018-2829; Wolfe v. Duff, Fairfax Circuit Court, Case No. CL2019-16488; Wolfe v. Knoblach, Arlington Circuit Court, Case No. CL19003957-00; as well as eight appellate court cases.

claim-splitting based on public policy considerations similar to those underlying the doctrine of res judicata: avoiding a multiplicity of suits, protecting against vexatious litigation, and avoiding the costs and expenses associated with numerous suits on the same cause of action." Id. *citing* Bill Greever Corp. v. Tazewell Nat'l Bank, 256 Va. 250, 254, 504 S.E.2d 854, 856–57 (1998). This rule generally bars a second lawsuit that "arises out of the same transaction or series of transactions" as a previous lawsuit and that "involves the same parties." Block v. Executive Office of the President, 164 F.Supp.3d 841, 854 (E.D. Va. 2016).

Even though no ruling has yet issued in the other cases filed by Wolfe against Khalil, the same principle applies - "namely that the plaintiff cannot seek to contravene a court's power to manage its docket by filing duplicative litigation elsewhere." Id. at 855. The rule against claim splitting operates like claim preclusion in that a second (and in this case a third) claim should be precluded were the first reduced to a final judgment. Id., *citing* Katz v. Gerardi, 655 F.3d 1212, 1218 (10th Cir. 2011).

Khalil should not be forced to defend multiple actions arising out of the same circumstances. These actions are vexatious, harassing, needlessly increase the cost of litigation, and are damaging to Khalil's professional reputation. Dismissal is warranted.

    **D.**    **Failure to State a Claim**

        **1. Wolfe Has Not Stated a §1983 Claim.**

To be liable under 42 U.S.C. §1983, facts must show that a person was a state actor who violated a constitutional right or U.S. law. The statute provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

This provision is not itself a source of substantive rights, but provides a remedy for violations of constitutional and statutory rights. Greenwood v. Peacock, 384 U.S. 808 (1966).

Wolfe has sued Khalil in both an "Individual capacity" and an "Official capacity" (Compl., Dkt.1 at p. 2), and has alleged that she was a "state actor" by virtue of the fact that she is an attorney, which he claims is an "Officer of the Court." (Id. at p. 4). The factual allegations against Khalil do not support that she was acting on behalf of the state or government, as at all times material Khalil's actions were on behalf of her client and to further her client's interests.[7] Not only does Wolfe fail to show that Khalil was a "state actor," his claim that she somehow "conspired" with "others" to falsely have him arrested is not plausible. Khalil, who did not act with malice, was free to advocate for her client without fear of civil recourse from Wolfe, who had no attorney-client relationship with Khalil. Communications by an attorney that are a part of a judicial proceeding or process are protected by absolute judicial privilege. Mansfield v. Bernabei, 284 Va. 116, 120, 727 S.E.2d 69, 72 (2012), *citing* Penick v. Ratcliffe, 149 Va. 618, 140 S.E. 664 (1927). This privilege applies even where the communications are made maliciously and with knowledge of their falsity. Lindeman v. Lesnick, 268 Va. 532, 537, 604 S.E.2d 55, 58 (2004). Khalil's actions on behalf of her client Jiang at the hearing on the Rule to Show Cause were made in a judicial proceeding and were "material, relevant and pertinent" to the issues at the hearing and are thus privileged. Mansfield, 284 Va. at 122, 727 S.E.2d at 73.

---

[7] Khalil's liability to Wolfe is limited on the issue of attorney liability to a third party. Lynchburg Commc'ns Sys. Inc. v. Ohio State Cellular Phone Co., 61 Va. Cir. 82, **2-3 (Roanoke Cir., Jan. 22, 2003). Like this case, the plaintiffs in Lynchburg made conclusory allegations that an attorney participated in a conspiracy with his client by drafting documents that incorporated fraudulent statements. Id. The court granted defendant's demurrer, finding that the attorney must have done more than "paper the deal" incorporating the client's representations. Id. *citing* Schatz v. Rosenberg, 943 F.2d 485, 495 (4th Cir.1991).

Wolfe also fails to allege any violation of a constitutional or federally protected right as required for a §1983 action. According to the Complaint, the alleged subject of the "conspiracy" was to have him falsely arrested and falsely imprisoned (Id.). Wolfe has failed to alleged any federally protected action. As counsel to a defendant in the Virginia action, Khalil sought to ensure Wolfe's compliance with the circuit court's orders, and Wolfe himself was responsible for any unfavorable result. The Complaint, based on alleged violations of the Fourth and Fourteenth Amendments, fails to state any federal civil rights violation against Khalil, and should be dismissed.

  **2. Wolfe Has Not Stated a Conspiracy Claim.**

Wolfe's claim for conspiracy likewise fails as Virginia does not recognize an independent tort of civil conspiracy. Rather, Wolfe must allege facts to support a separate and independently recognized tort as a foundation, which he has not done. To make out a civil conspiracy, courts have "stressed repeatedly the need for specific allegations supported by concrete facts." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 422-23 (4th Cir. 1996). Wolfe has failed to meet this basic requirement to support his conspiracy claim. He has not alleged with specificity sufficient facts to show that Khalil combined with others, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, but by criminal or unlawful means. See Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 337 S.E.2d 744, 748 (1985).

Further, the Complaint is devoid of allegations regarding "overt acts" by Khalil to support a civil conspiracy; rather Wolfe's allegations consist of mere suppositions or inuendo, with no factual support. These type of baseless allegations are not sufficient to withstand dismissal. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Iqbal, *supra.*, quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955. The Complaint is rife with plaintiffs' far-fetched and groundless conclusions regarding an alleged conspiracy, and so it must be dismissed.

### 3. Punitive Damage Claim Should be Stricken.

Wolfe's claim for punitive damages should be stricken as the conduct alleged in the Complaint does not rise to the level of malice, or that the conduct was intentional, purposeful, and without lawful justification. Punitive damages are not warranted in this matter.

Wolfe certified that his Complaint was not filed for an improper purpose (Compl., Dkt.1 at p. 6); however, he has filed three separate cases against Khalil over the same incident. He has also filed actions against his former attorneys, Fairfax County employees, and four of the therapists that were assigned by the court to evaluate his mental health – over the same incident. Wolfe's claims regarding his alleged false arrest and imprisonment have already been litigated in his divorce litigation, and cannot be raised again in this litigation.

WHEREFORE, for the foregoing reasons, defendant Marline S. Khalil, respectfully moves this Court for entry of an Order dismissing the Complaint against her, with an award of her costs, including reasonable attorneys' fees.

**MARLINE S. KHALIL**

  /s/   David D. Hudgins

David D. Hudgins, Esquire; VA Bar 20602
HUDGINS LAW FIRM, P.C.
2331 Mill Road, Suite 100
Alexandria, Virginia 22314
(703) 739-3300
dhudgins@hudginslawfirm.com

## **WARNING PURSUANT TO LOCAL CIVIL RULE 7(K)**

(1) Any *pro se* party is entitled to file a response opposing the motion within twenty-one (21) days of the date on which this motion was filed; and

(2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and

(3) The *pro se* party must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that is signed under penalty of perjury); and

(4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record, and by US Mail, postage prepaid to:

John Michael Wolfe
5344 Anchor Ct.
Fairfax, VA 22032

William B. Zuckerman
8987 Coswold Dr.
Burke, VA 22015

Robin M. Knoblach
491 Carlisle Dr. B
Herndon, VA 20170

Edward D. Farber
1800 Town Center Dr., #411
Reston, VA 20190

David L. Duff
6415 Jumet Ct.
Fairfax Station, VA 22039

Elizabeth M. Bennett
431 Carlisle Dr. B
Herndon, VA 20170

                                                    /s/ David D. Hudgins