IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

FILED
JUN 25
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JOHN MICHAEL WOLFE ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No: 1:20-cv-175-CMH/TCB |
| ) | |
| WILLIAM B. ZUCKERMAN, et al.) | |
| Defendants ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Plaintiff John Michael Wolfe submits this Memorandum in support of his opposition to Defendant Khalil's Motion to Dismiss. Plaintiff John Michael Wolfe request this Court to Deny with Prejudice Defendant Marline S. Khalil's Motion to Dismiss.

1. Legal Standard

"Statements of counsel in their briefs or arguments while enlightening to the Court are not sufficient for the purposes of granting a motion to dismiss or summary judgement." (Trinsey v. Pagliaro, 229 F. Supp 647 (E.D.Pa. 1964)

The Supreme Court in Bell Atlantic Corp. v Twombly, 550 U.S. 544 (2007), held that a motion to dismiss for failure to state a claim cannot be granted merely because the factual allegations are not believed. Instead, the factual allegations must be taken as true when evaluating a motion to dismiss.

"a complaint should not be dismissed for a failure to state a claim unless it appears beyond that that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admission, the task is necessarily a limited one. The issue is not whether the Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. "Id., Scheuer v. Rhodes, 416 U.S. 232, 236, 94, S. Ct. 1683, 40 L. Ed. 2d 90 (1974)

Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of the court but rather to keep them in. The merits of the claim would be sorted out during a flexible pretrial process and, as appropriate through the

crucible of trial. See Swerikiewicz v Sorema, N.A. 534, U.S. 506. 514, 122 S. Ct. 992 (2002)

"Experience has shown…that we cannot expect the proof of the case to be made through the pleadings, and that such proof is really not their function. We can expect a general statement distinguishing the case from all others, so that the manner and form of trial and remedy expected are clear, and so that a permanent judgment will result." The New Federal Rules of Civil Procedure: The Last Phase- Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23, A.B.A. J. 976, 977 (1937)

In order to prevail on a motion to dismiss, the moving party must satisfy three components.

1. There is no question of the facts which might allow the defense to succeed,
2. There many be no substantial question of law, a resolution of which could allow the defense to succeed
3. Plaintiff must show that it is prejudiced by the inclusion of the defense.

(County Van Lines Inc v Experian, Info Solutions, Inc, 205, F.R.D. 148, 153 (U.S.D.C S.D. N.Y. 2002); Estee Lauder, Inc, 189, F.R.D. at 271-273

Defendant Khalil has not met the three components:

1. It is unknown if the defense will succeed as there are questions of fact to be determine via discovery and\or witness testimony.
2. Plaintiff has the right to file a civil rights complaint against those acting under "color of law."
3. Plaintiff will be prejudiced because he was falsely arrested and has his person information including his fingerprint in the court system. Thus, causing harm to the Plaintiff's reputation, which has negatively impacted Plaintiff livelihood and likely will continue to negatively impact Plaintiff's livelihood, and violating his privacy. Furthermore, Plaintiff has been prejudiced by the false arrest and false imprisonment in every court hearing that has taken place in state and federal court since his false imprisonment and this prejudice will continue without the Plaintiff having a successful outcome to this Complaint.

2. Plaintiff states to the Court that Defendant Khalil is a lawyer in Virginia and her actions including her actions to evade service demonstrate her lack of honestly and ethics which are expected of lawyers, and at trial, the Plaintiff will demonstrate the numerous instances in which she made false statement in support of her quest to have the Plaintiff falsely imprisoned. Plaintiff will also demonstrate additional evidence regarding the other defendants in this case.

3. Plaintiff thanks the court for additional time to serve and file a response due to the COVID virus. Plaintiff also brings the court attention to the protests that are occurring all over the USA and worldwide after the killing of George Floyd. Every human being with a soul is shock and angered by the killing of Mr. Floyd. However, Mr. Floyd's death was not the only cause for the protests but rather the spark that led to the masses rising up. Most of the protesters have did not know Mr. Floyd, but many people have been victims or have a friend or family member who has been a victim of a corrupt individual in justice system whether it be a police officer, officer of the court lawyer, etc. Plaintiff's complaint seeks to improve the justice system in Fairfax County, Virginia as a whole and the USA as well. The vast

majority of people working in the justice system are honorable. This complaint addresses those who are not honest and have acted in illegal ways.

*Exhibit A*

WHEREFORE, for the foregoing reasons, Plaintiff John Michael Wolfe, respectfully, moves this court to **DENY** the Defendant's Motion to Dismiss with prejudice. Plaintiff also moves this court to reject any claims for legal fee by the Defendant.

*/s/ John Michael Wolfe*
John Michael Wolfe

*/s/ John Michael Wolfe*
John Michael Wolfe

5344 Anchor Court

Fairfax, VA 22032

## Certification of Service

I hereby certify that on this 25th day of June, 2020, I filed the foregoing with the Clerk of the Court and will send notification to all counsels of record by US mail and/or fax/email

David Hudgins (Counsel for Defendant Marline Khalil)

Hudgins Law Firm, P.C.

2331 Mill Road, Suite 100

Alexandria Virginia 22314

(703) 739-3300

dhudgins@hudginslawfirm

**William Zuckerman**
**8987 Cotswold Dr.**
**Burke, VA 22015**

Robin Knoblach

491 Carlisle Dr. B

Herndon, VA 20170


Edward D. Farber

1800 Town Center Dr. #411

Reston, VA 20190


David L. Duff

6415 Jumet Ct.

Fairfax Station, VA 22039


Brian A. Scotti,

Jeremy D. Camacho

Gordon Rees Scully Mansukhani, LLP

1101 King Street, Suite 520

Alexandria, VA 22314

**Counsel for Elizabeth Bennett**


                                                                                     _/s/ John Michael Wolfe_____

                                                                                         John Michael Wolfe

# Affidavit of Ms. Skylar Lucht

**State of Virginia**

**County of Fairfax**

The Undersigned, Skylar Lucht, being duly sworn, hereby deposes and says:

1. I am over the age of 18 and am a resident of the Commonwealth of Virginia. I have personal knowledge of the facts herein, and if called as a witness, could testify completely thereto.

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3. There are two Court case numbers associated with my affidavit:
   1:20-cv-116,   1:20-cv-175

4. Service of Process for Marline S. Khalil on June 1, 2020 for 1:20-CV-116
   a. I attempted to personally serve Defendant Marline S. Khalil on June 1, 2020 at 4900 16th Street, North, Arlington Virginia 22005
   b. A man answered the door and claimed not to know Defendant Marline Khalil and to be dog sitting.
   c. The man said other people were inside and he would ask if they knew Marline Khalil.
   d. He closed the door and returned stating that the two other people inside the home also did not know Defendant Marline Khalil.
   e. I asked if I could post the complaint on the front door, and he said, "Yes."
   f. I mailed a copy of the complaint and emailed a copy to Marline Khalil's lawyer.
   g. I completed the Proof of Service for the Court

5. Service of Process for Marline S. Khalil on June 16, 2020 for 1:20-CV-175
   a. I attempted to personally serve Defendant Marline S. Khalil on June 16, 2020 at 4900 16th Street, North, Arlington Virginia 22005
   b. The same man opened the door that I met when I was attempting service on June 1, 2020 for 1:20 CV-116
   c. We recognized each other as we had just met 15 days earlier.
   d. This time he stated that he was Christian Wink, the husband of Defendant Marline Khalil, and he accepted the complaint.
   e. Upon accepting the complaint, he closed the door quickly as a woman inside was upset with him.
   f. After servicing Marline Khalil's via her husband, I attempted to serve her lawyer David Hudgins due to the behavior I witnessed at the Khalil residence over both of my attempts to serve on June 1 and June 16, 2020. However, David Hudgins acknowledged that he represented Defendant Khalil but refused to accept the service.
   g. I completed Proof of Service for Defendant Marline Khalil that was accepted by her husband and declined by her lawyer.

6. Proper Service for 1:20-CV-116
   a. As Defendant Marline Khalil's husband, Christian Wink, clearly knew her and knew that she lived at 4900 16th Street North Arlington Virginia, I report to the court that

Defendant Khalil was properly served on June 1, 2020 when the Defendant's husband accepted posting on the front door.

b. I also inform the court that Defendant Marline Khalil attempted to evade service by having her husband, Christian Wink, intentionally deny that he knew the Defendant Khalil and that the Defendant lived at the address served.

c. This matter is of greater concern because Defendant Marline Khalil is a lawyer in Virginia.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.
Executed this __19__ day of __June__, 2020

_____
Skylar Lucht

**Notary Acknowledgement**

State of Virginia, County of Fairfax,
This Affidavit was acknowledged before me on this _19_ day of _June_, 2020 by Skylar Lucht, who, being first duly sworn on oath according to law, deposes and says that he/she has read the foregoing Affidavit subscribed by him/her, and that the matters stated herein are true to the best of his/her information, knowledge and belief.

_____
Notary Public

_____
Title (and Rank)

My commission expires _12/31/2021_

JUDY F REAMY
Notary Public 136043
Commonwealth of Virginia
My Commission Expires 12/31/2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

John Wolfe
_____
Plaintiff(s),

v.

William Zuckerman et al
_____
Defendant(s).

Civil Action Number: 1:20-cv-175

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of _Memorandum in support of Plaintiffs motion to Dismiss_.
**(Title of Document)**

John Wolfe
_____
Name of *Pro Se* Party (Print or Type)

_[signature]_
_____
Signature of *Pro Se* Party

Executed on: 6-25-2020 (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
**(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)