IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JOHN MICHAEL WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-00175 |
| | ) |
| WILLIAM B. ZUCKERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant Marline S. Khalil's Motion to Dismiss and Motion for Sanctions.

This lawsuit is based upon a contempt hearing held in 2018. Plaintiff John Wolfe and his then-wife, Shulan Jiang, filed for divorce in 2012 in the Circuit Court of Fairfax County. The divorce was finalized in 2013. During the proceedings, Defendant Marline Khalil served as counsel to Jiang. In 2016, both Plaintiff and Jiang filed petitions to modify custody, visitation, and child support. In an order entered on January 27, 2017, the Fairfax Circuit Court granted physical custody of the children to Plaintiff but required him to undergo a mental health evaluation with Dr. Edward Farber and to pay attorney's fees to Jiang. Plaintiff had a conflict with Dr. Farber, so on February 24, 2017, the court appointed Defendant Dr. Elizabeth

Bennett to conduct the mental health evaluation and ordered Plaintiff to pay additional attorney's fees to Jiang. On March 23, 2017, Plaintiff appealed. The appeal was dismissed and remanded only for the court to determine the amount of attorney's fees owed.

Plaintiff failed to comply with the Fairfax Circuit Court's orders. Consequently, Jiang filed a Motion to Show Cause as to why the court should not hold Plaintiff in contempt. The February 2, 2018 hearing on this motion forms the basis of Plaintiff's claims against Defendant Bennett. The hearing resulted in Plaintiff being held in contempt of court, and he was remanded to the custody of the sheriff. Four days later, Plaintiff was released from confinement, after he paid a portion of the attorney's fee award to Jiang and confirmed that he had an appointment with Dr. Bennett.

Plaintiff filed this civil action *pro se* on February 19, 2020. The Complaint alleges violations of the Fourth and Fourteenth Amendments of the U.S. Constitution, brought under 42 U.S.C. § 1983. Plaintiff seeks damages of $100,000,000 and punitive damages of $50,000,000. Plaintiff also seeks a temporary restraining order and an injunction to prevent further damage to him and to halt Fairfax County or any Virginia agency from taking any action against him. Plaintiff has filed two related lawsuits against Defendant Khalil based on the same

occurrence. One case was filed in Arlington County Circuit Court and another in this Court, both on the same date, February 3, 2020. Defendant Khalil now moves to dismiss the Complaint pursuant to Rule 12(b)(6).

Plaintiff's Complaint alleges false arrest and false imprisonment, which are overlapping claims, the former being "a species of the latter." Wallace v. Kato, 549 U.S. 384, 388 (2007). Both claims must be dismissed for failure to comply with the statute of limitations.

The statute of limitations for false arrest and false imprisonment is two years, accruing from the date the claimant's imprisonment ends. Va. Code. Ann. § 8.01-243. See also Wallace, 549 U.S. at 389 (Virginia's two-year statute of limitations applies in a § 1983 cause of action and begins to run when the alleged false imprisonment ends.). Plaintiff was held in contempt and jailed on February 2, 2018. He was released four days later, on February 6, 2018. Plaintiff's right to bring these claims expired February 6, 2020, two years after he was released in 2018. Plaintiff did not file his Complaint until February 19, 2020, thirteen days later. Thus, his claims for false arrest and false imprisonment are barred by the statute of limitations and must be dismissed.

Plaintiff's other claims must be dismissed because the Complaint does not allege factual matter sufficient "to state a

3

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court considering a motion to dismiss must accept all well-pled factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. A plaintiff must allege in his complaint "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original). A complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). "[W]hen reviewing a *pro se* complaint, a court must carefully examine the plaintiff's allegations, no matter how inartfully pleaded to determine whether they could provide a basis for relief." Johnson v. Lyddane, 368 F. Supp. 2d 529, 531 (E.D. Va. 2005)

4

(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977)). Plaintiff has failed to meet this standard.

First, Plaintiff has failed to state a claim under § 1983 because he has not established that Defendant is a state actor. Section 1983 requires a plaintiff to allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement excludes "'merely private conduct, no matter how discriminatory or wrongful.'" Thomas v. Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (quoting Sullivan, 526 U.S. at 50)). Here, Defendant committed the alleged harmful conduct as a retained attorney acting on behalf of her client and to further her client's interests. Plaintiff does not argue that the state dominated Defendant's activity in a manner that would convert the private actions to state action. Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). Defendant's statements and actions were therefore private activity, not made on behalf of the state or government. Since Defendant was not acting under color of state law, Plaintiff's § 1983 claim cannot proceed. See Thomas, 841 F.3d at 637.

Plaintiff also fails to sufficiently allege that Defendant Khalil conspired to have him falsely arrested. The Complaint

5

bases this conspiracy claim on allegedly false statements and documents Defendant Khalil presented in court while representing Jiang. All representations that are made by an attorney as part of the judicial process and relevant to the case are protected by absolute judicial privilege, even if such communications are made maliciously and with knowledge of their falsity. See Mansfield v. Bernabei, 284 Va. 116, 120 (2012); Lindeman v. Lesnick, 268 Va. 532, 537 (2004). Because Defendant Khalil's actions on behalf of her client were made in a court hearing and material to the issues at that hearing, the allegedly harmful statements made by Defendant are privileged communications. Plaintiff argues that Defendant enabled her client to file "false documents [] into the record" to "improperly influence" the Fairfax Circuit Court judge. In similar cases, however, courts have required facts that show an attorney did more than "paper the deal" when incorporating the client's representations. Lynchburg Commc'ns Sys. v. Ohio State Cellular Phone Co., 61 Va. Cir. 82, 85 (Roanoke Cir., Jan. 22, 2003) (quoting Schatz v. Rosenberg, 943 F.2d 485 (4th Cir. 1991) (applying Maryland law)). Representations made on behalf of a client do not become the lawyer's simply because the lawyer filed the document. Id.

Lastly, Plaintiff fails to adequately plead a claim of conspiracy because he has not alleged facts showing that

6

Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421-23 (4th Cir. 1996). The facts alleged also fail to raise such an inference.

Civil conspiracy is not itself a standalone claim. It requires an underlying intentional tort. See William v. AES Corp., 28 F. Supp. 3d 553, 574-75 (E.D. Va. 2014); see also Dunlap v. Cottman Transmission Sys., 287 Va. 207, 215 (2014). The pleadings simply assert general conclusions regarding an alleged conspiracy, with no underlying claim of an intentional tort. Plaintiff's pleadings are thus insufficient to allow this Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's claim for civil conspiracy must be dismissed.

Defendant Khalil also has moved for sanctions against Plaintiff under Federal Rule of Civil Procedure 11. Under Rule 11, a court may impose sanctions upon a party that files a pleading or motion (i) that is presented for an improper purpose, (ii) that is not warranted by existing law or a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law, (iii) that lacks existing or likely prospective evidentiary support, or (iv) that contains

7

denials not warranted by the evidence, belief, or lack of information. See Fed. R. Civ. Proc. 11(b). The main purpose of Rule 11 is to deter baseless filings in district courts, and to "streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

Rule 11 requires that an attorney or unrepresented party "conduct a reasonable investigation of the factual and legal basis for his or her claim before filing." Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991). "[U]nartful pleading, such as through a vague or conclusory complaint, is irrelevant" to the inquiry required under Rule 11. Id. "To be reasonable, the prefiling investigation must uncover some information" and basis in law "to support the allegations in the complaint." Id. In short, a Rule 11 inquiry centers on whether a reasonable plaintiff in similar circumstances could believe his actions to be factually and legally justified. Cabell v. Petty, 810 F.2d 463, 466 (4th Cir. 1987). Thus, Rule 11 empowers the district court to sanction a party for insisting on a position after it is no longer tenable. Morris v. Wachovia Sec., 448 F.3d 268, 279 (4th Cir. 2006).

Here, Defendant Khalil argues that Plaintiff's Complaint was groundless, frivolous, and harassing, as it was untimely and duplicative. Plaintiff should have known that his claims for

8

false imprisonment and false arrest were time-barred. A reasonable and objective analysis of Virginia's statute of limitations law would have led a prudent plaintiff under the circumstances to know that the claims filed were untimely. Plaintiff has not offered support for the timeliness of his filing in any pleading and has not filed a timely objection to either Defendant's Motion to Dismiss or Motion for Sanctions. Because Plaintiff's Complaint lacked a legal and factual basis, Defendant is entitled to recover attorney's fees and costs.

Another factor courts consider in a Rule 11 analysis is whether "the purpose to vindicate rights in court [is] central and sincere." Carefirst of Md., Inc. v. First Care, P.C., 422 F. Supp. 2d 592, 598-99 (E.D. Va. 2006) (citing In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990)). Filing excessive pleadings and motions "may sometimes constitute 'harassment' under the rule even if the motions are well grounded." Id. Repeated filings and the outrageous nature of claims made are "appropriate indicators of an improper purpose." Id. at 59.

Courts may also find improper purpose where a party never intended to litigate an action. Id. Plaintiff has filed numerous cases relating to the same occurrence and against the same Defendant. Two of these cases were even filed in the same Court. In the present case, Plaintiff has missed deadlines, requested extensions, and his claims against Defendant are implausible.

Plaintiff knew or should have known that the Complaint contained the foregoing flaws. He clearly did not conduct an objectively reasonable investigation of the factual and legal grounds for his claims before filing his Complaint. While Plaintiff's subjective intent is unclear, this constellation of factors indicates an attempt to conflate litigation, which has created a costly and unnecessary burden to parties and the courts. Rule 11 sanctions are warranted.

Once a court determines that Rule 11 has been violated, it must then determine the type of sanction, keeping in mind the goals of Rule 11: compensating the victims, streamlining court dockets, and, most importantly, deterring future abuse of the litigation process. See Brubaker v. City of Richmond, 943 F.2d 1363, 1373-74 (4th Cir. 1991). A court will award fees and costs directly to the party seeking sanctions if it determines that the Rule 11 violations made "the complaint to the court a substantial failure under Rule 11(b)." Morris v. Wachovia Sec., 448 F.3d 268, 278 (4th Cir. 2006). The court must consider the following factors in calculating sanctions: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum amount to deter; (3) the sanctioned party's ability to pay; and (4) the severity of the Rule 11 violation. See Brubaker, 943 F.2d at 1374.

Considering these, the Court concludes that Defendant is entitled to the amount of legal fees and costs sustained during this case. Defendant's counsel, David Hudgins, has submitted an affidavit as to fees and costs incurred. The Court has reviewed the claimed fees and costs, including the hours expended and the hourly rates used in this litigation, and finds them reasonable. Furthermore, the Court finds that the award of attorney's fees and costs sends a message to Plaintiff, and others similarly situated, that those who pursue frivolous litigation may risk bearing the cost to defend such litigation. As to Plaintiff's ability to pay, there is no evidence that Plaintiff lacks the financial resources to pay this sanction.

Given these facts and circumstances, the Court will grant Defendant's Motion for Sanctions and will order Plaintiff pay Defendant the requested fees and expenses in accordance with the affidavit filed: $5,034.34 to Defendant. For these reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss and Motion for Sanctions are GRANTED. An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 4, 2020