**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

JOHN MICHAEL WOLFE,            )
                               )
    Plaintiff,                 )
                               )
                               )
v.                             )   Civil Action No. 1:20-cv-00175
                               )
                               )
WILLIAM B. ZUCKERMAN, et al.,  )
                               )
    Defendants.                )

<u>**MEMORANDUM OPINION**</u>

THIS MATTER comes before the Court on Defendant William B. Zuckerman's Motion to Dismiss (Dkt. 32), Defendant Robin M. Knoblach's Motion to Dismiss (Dkt. 34), Defendant Edward D. Farber's Motion to Dismiss (Dkt. 36), and Defendant David L. Duff's Motion to Dismiss (Dkt. 39), each pursuant to Fed. R. Civ. P. 12(b)(6).

This lawsuit is based upon a contempt hearing held in 2018. Plaintiff John Wolfe and his then-wife, Shulan Jiang, filed for divorce in 2012 in the Circuit Court of Fairfax County. The divorce was finalized in 2013. During the proceedings, the Circuit Court ordered Defendant Dr. William Zuckerman to conduct a psychological evaluation of Jiang and testify at the Court's direction. In 2016, both Plaintiff and Jiang filed petitions to modify custody, visitation, and child support. In an order entered on January 27,

2017, the Fairfax Circuit Court granted physical custody of the children to Plaintiff but required him to undergo a mental health evaluation with Defendant Dr. Edward Farber and to pay attorney's fees to Jiang. Defendant Farber withdrew from the appointment due to a conflict. On February 24, 2017, the Circuit Court ordered Plaintiff to pay additional attorney's fees to Jiang. On March 23, 2017, Plaintiff appealed. The appeal was dismissed and remanded only for the court to determine the amount of attorney's fees owed.

Plaintiff failed to comply with the Circuit Court's orders. Consequently, Jiang filed a Motion to Show Cause as to why the court should not hold Plaintiff in contempt. The February 2, 2018 hearing on this motion forms the basis of Plaintiff's claims against Defendants. The hearing resulted in Plaintiff being held in contempt of court, and he was remanded to the custody of the sheriff. Four days later, Plaintiff was released from confinement, after he paid a portion of the attorney's fee award to Jiang and confirmed that he had an appointment for his court-appointed psychological evaluation. The Circuit Court then appointed Defendant Dr. Robin Knoblach to perform Plaintiff's evaluation. Shortly after he was imprisoned for contempt, Plaintiff hired Defendant David Duff to represent him. Plaintiff terminated their attorney-client relationship in December 2019.

Plaintiff filed this civil action *pro se* on February 19, 2020. The Complaint, brought under 42 U.S.C. § 1983, alleges violations

of the Fourth and Fourteenth Amendments of the U.S. Constitution. Plaintiff seeks damages of $100,000,000 and punitive damages of $50,000,000. Plaintiff also seeks a temporary restraining order and an injunction to prevent further damage to him and to halt Fairfax County or any Virginia agency from taking any action against him. Defendants Zuckerman, Knoblach, Farber, and Duff now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted.

Plaintiff's Complaint alleges false arrest and false imprisonment (two overlapping claims, the former being "a species of the latter") as the basis of his § 1983 claim. Wallace v. Kato, 549 U.S. 384, 388 (2007). Plaintiff's claim must be dismissed for failure to comply with the statute of limitations.

The statute of limitations for a § 1983 claim based on false arrest and false imprisonment is two years, accruing from the date the claimant's imprisonment ends. Va. Code. Ann. § 8.01-243. See also Wallace, 549 U.S. at 389 (explaining Virginia's two-year statute of limitations applies in a § 1983 cause of action and begins to run when the alleged false imprisonment ends). Plaintiff was held in contempt and jailed on February 2, 2018. He was released four days later, on February 6, 2018. Plaintiff's right to bring these claims expired February 6, 2020, two years after he was released in 2018. Plaintiff did not file his Complaint until February 19, 2020, thirteen days later. Thus, his claims for false

arrest and false imprisonment are barred by the statute of limitations and must be dismissed.

The court also dismisses Plaintiff's § 1983 claim because the Complaint does not allege factual matter sufficient "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court considering a motion to dismiss must accept all well-pled factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement," nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. A plaintiff must allege in his complaint "a *plausible* claim for relief," instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphases in original). A complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) "if after accepting all well-pleaded allegations in the plaintiff's complaint as true . . . it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). "[W]hen reviewing a *pro se* complaint, a court must carefully examine the plaintiff's allegations, no matter how inartfully pleaded to

determine whether they could provide a basis for relief." <u>Johnson v. Lyddane</u>, 368 F. Supp. 2d 529, 531 (E.D. Va. 2005) (citing <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1977)). Plaintiff cannot prove any set of facts entitling him to relief under § 1983.

Plaintiff has not established that Defendants acted under color of state law, a prerequisite for liability under § 1983. Section 1983 requires a plaintiff to show that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999). This color of law requirement excludes "'merely private conduct, no matter how discriminatory or wrongful.'" <u>Thomas v. Salvation Army S. Territory</u>, 841 F.3d 632, 637 (4th Cir. 2016) (quoting <u>Sullivan</u>, 526 U.S. at 50)). Here, Defendants Zuckerman, Knoblach, and Farber committed the alleged harmful conduct while acting under court orders to evaluate Plaintiff's and his then-wife's mental health. For the purposes of a § 1983 claim, state-appointed physicians are not state actors and thus are not liable. <u>See</u> <u>Hall v. Quillen</u>, 631 F.2d 1154, 1156 (4th Cir. 1980) (affirming dismissal of a § 1983 action against a state-appointed physician "for want of state action"). As court-appointed psychologists, Defendants Zuckerman, Knoblach, and Farber were not acting under color of state law when they allegedly harmed Plaintiff. Plaintiff's § 1983 claim must be therefore be dismissed.

The court reaches the same conclusion about Defendant Duff, who acted as Plaintiff's privately retained attorney. Defendant Duff was neither appointed by, nor working on behalf of, the government. See Holly v. Scott, 434 F.3d 287, 291–92 (4th Cir. 2006) (requiring "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State"). Further, Plaintiff does not sufficiently allege that the state dominated Defendant Duff's activities to such an extent that they converted his private actions to state action. See Wahi v. Charleston Area Med. Ctr., 562 F.3d 599, 616 (4th Cir. 2009) (stating the general rule that private activity is not state action "unless the state has so dominated such activity as to convert it to state action"). None of Plaintiff's assertions suggest the State was controlling Defendant Duff's activities. Since the Complaint does not allege facts that indicate Defendant Duff acted under color of state law, Plaintiff's § 1983 claim against Defendant Duff cannot proceed.

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motions to Dismiss are GRANTED. An accompanying order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September 18, 2020